UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **SAVANNA HARLESS-BANKS,**<br><br>    Plaintiff,<br><br>v.<br><br>**SUNFLOWER MOBILE HOMES, LLC,**<br><u>Serve Registered Agent:</u><br>Lavada Devling<br>1008 Roseport Rd.<br>Elwood, Kansas 66024<br><br>    Defendant. | Case No.<br><br>Division<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Savanna Harless-Banks, by and through the undersigned counsel, and for her Complaint against Defendants Sunflower Mobile Homes, LLC and Countryside Far West, LLC, states and avers to the Court as follows:

## TYPE OF ACTION

1. This is an action for compensatory and punitive damages arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

## PARTIES

2. Plaintiff resides in Wathena, Doniphan County, Kansas.

3. At all times mentioned herein, Defendant Sunflower Mobile Homes, LLC was a Kansas limited liability company, registered to do business in the States of Kansas, employed at least fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and was an "employer" within the meaning of Title VII.

4. At all times mentioned herein, the perpetrators described in this Complaint were agents, servants, and employees of Defendants and were at all such times acting within the scope and course of their agency and employment or were acting as a "proxy" or "alter-ego," and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondeat superior.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of these employment discrimination claims, and venue properly lies in this judicial district pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1391, and 42 U.S.C. § 2000e-5(f)(3).

6. Plaintiff seeks damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about February 16, 2022, Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the acts complained of herein alleging that Defendant discriminated against and harassed her. A copy is attached hereto and incorporated herein as Exhibit A.

8. On September 29, 2022, Plaintiff received a Notice of Right to Sue from the EEOC. A copy is attached hereto and incorporated herein as Exhibit B.

9. Plaintiff filed this action within ninety (90) days of the issuance of the Notice of Right to Sue from the EEOC, and within two (2) years of the date of discriminatory action. Therefore, Plaintiff's lawsuit is timely.

10. Plaintiff has properly exhausted all administrative remedies.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is a female.

12. On or about August 23, 2021, Plaintiff began her employment at Sunflower Mobile Homes, LLC ("SMH") as a Receptionist.

13. Russel Hanson was a partial owner of SMH.

14. Mr. Hanson managed SMH and was Plaintiff's supervisor.

15. Plaintiff received little to no training when she started working at SMH.

16. Plaintiff's pay schedule at SMH was the Friday of every week.

17. In or around September or October of 2021, when SMH was looking to hire someone in a Utility Crew position, Plaintiff told Mr. Hanson about her father's (Jimmy Frederick) skills and experience with respect to working on trailers.

18. Mr. Hanson asked Plaintiff how old her father was.

19. Plaintiff told him that her father was 56 years old.

20. Mr. Hanson then said that Plaintiff's father was too old and that he does not hire people who are over forty years old, fat, or if they look like a thug.

21. Plaintiff replied to Mr. Hanson that she did not believe that was fair and that her dad knew what he was doing.

22. Following this conversation, another male co-worker mentioned Plaintiff's father as a good candidate for the Utility Crew position.

23. Plaintiff's father was never interviewed or hired in this position at SMH.

24. SMH hired a much younger male individual in the Utility Crew position.

25. Upon information and belief, a number of other older people applied for positions at SMH but were not interviewed or hired.

26. On Friday, November 12, 2021, as of around 2:00 p.m., Plaintiff had not been paid by SMH.

27. For this reason, Plaintiff reached out to Mr. Hanson about this to find out what was going on.

28. Mr. Hanson responded to Plaintiff by saying that she and her co-workers would not be getting paid until the following Monday.

29. Plaintiff replied by stating that she relies on her pay to take care of her family and that not getting paid on time put her in a tough spot.

30. Plaintiff's co-workers, including the General Manager, were also pretty upset about this.

31. Plaintiff told her co-workers that she thought it was illegal for Mr. Hanson to withhold their pay.

32. Ultimately, Plaintiff and her co-workers, including the General Manager, left work that afternoon before the workday was over because they were not paid when they were scheduled to be paid.

33. On Monday, November 15, 2021, when Plaintiff arrived at work that morning, there was a meeting going on between Mr. Hanson and several other co-workers.

34. Mr. Hanson immediately asked Plaintiff to speak with him in his office.

35. When Plaintiff went to have a discussion with him, he apologized about the checks, told her that he did not think that she was a good fit for the company, and terminated her employment at SMH.

36. Plaintiff asked Mr. Hanson if she was being terminated because she said that it was illegal to not pay her and her co-workers.

37. Mr. Hanson looked at Plaintiff and did not respond.

38. Prior to Plaintiff's termination from SMH, she had not received any disciplinary action throughout her employment at SMH.

39. Plaintiff was terminated about one week before the end of her 90-day review period when she was expecting to receive a raise.

40. Upon information and belief, the male co-workers who left work early on November 12, 2021 received no discipline and were not terminated.

## COUNT I
### Title VII – Discrimination and Retaliation

41. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

42. Plaintiff is a member of a legally protected class due to her sex.

43. Plaintiff's father is a member of a legally protected class due to his age.

44. Plaintiff is also a member of a legally protected class due to her association with her father who is over forty (40) years old.

45. Plaintiff was subjected to the above referenced adverse actions and/or omissions because of her sex.

46. Plaintiff was subjected to the above referenced adverse actions and/or omissions because of her association with her father who is over forty (40) years old.

47. The above-referenced discrimination affected the terms, conditions, and/or privileges of Plaintiff's employment.

48. The above-referenced discrimination toward Plaintiff was because of Plaintiff's sex and/or association with her father who was over forty (40) years old.

49. Plaintiff engaged in the protected activity of opposing and/or complaining of discrimination based on gender and/or age to Defendant.

50. Defendant knew of the sex and age discrimination toward Plaintiff and failed to exercise reasonable care to prevent and promptly correct said conduct.

51. Defendant failed to make a good-faith effort to establish and enforce policies to prevent illegal sex and age discrimination.

52. Defendant failed to properly train and/or otherwise inform supervisors and employees concerning their duties and obligations under Title VII.

53. Plaintiff was subjected to the above-referenced adverse actions and omissions because of her opposition of and/or complaint regarding discrimination to Defendant.

54. As a direct and proximate result of Defendant's unlawful conduct described above, Plaintiff has suffered damages, including, but not limited to, pain and suffering, loss of past and future wages and benefits, loss of enjoyment of life, and other non-pecuniary losses.

55. As a direct and proximate result of Defendant's unlawful conduct described above, Plaintiff has suffered garden variety emotional distress damages, including, but not limited to, embarrassment, degradation, humiliation, and various other forms of garden variety emotional distress.

56. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that this honorable Court enter judgment in her favor and against Defendant for such damages as are fair and reasonable, including compensatory damages, punitive damages, pre- and post-judgment interest, attorney's fees and costs, all in an amount over

$25,000.00 and for injunctive relief, and for such additional relief as may be just and proper under the circumstances.

## JURY TRIAL DEMAND

PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

**Murphy & Kinney, LLC**

/s/ *Kyle E. Murphy*
Kyle E. Murphy #78836
406 W. 34th St., Suite 816
Kansas City, Missouri 64111
Phone: (816) 281-5470
Facsimile: (816) 866-7772
kyle@murphykinney.com
ATTORNEY FOR PLAINTIFF